UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRISTINA SILVIA PASTRANA,

                Plaintiff,           24-CV-09620 (JAV) (VF)

    -v-                       **MEMORANDUM
OPINION AND ORDER**

COLGATE-PALMOLIVE CO.,

                Defendant.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Defendant Colgate-Palmolive Company ("Defendant") seeks to dismiss this product liability action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that the Complaint fails to provide details sufficient to identify the defective product. Defendant's motion to dismiss is **DENIED**.

## BACKGROUND

The following allegations are taken from the Amended Complaint and are assumed to be true for purposes of this motion to dismiss. Plaintiff Christina Silvia Pastrana ("Plaintiff") is a resident and citizen of Illinois. ECF No. 28 ("Am. Compl."), ¶ 16. Plaintiff alleges that she purchased a number of bottles of Fabuloso Multi-purpose Cleaner, including cleaners bearing Lot Number 2348US78. *Id.*, ¶ 1. She used the cleaner for the intended purpose of cleaning her home and salon. *Id.*, ¶¶ 32, 56. On or about December 5, 2022, Plaintiff underwent a right total hip arthroplasty. *Id.*, ¶ 4. In the wake of her hip surgery, Plaintiff and her husband

took extra care to keep their home sanitized, including cleaning their home using Fabuloso Multi-Purpose Cleaner. *Id.* On December 17, 2022, Plaintiff required irrigation and debridement, as well as revision of her hip replacement. *Id.*, ¶ 5. Cultures taken during the procedure came back positive for the bacteria *pseudomonas aeruginosa*. *Id.*, ¶ 6. On January 7, 2023, Plaintiff was diagnosed with a *pseudomonas* infection, which ultimately led her to suffer anaphylaxis shock and require intubation. *Id.*, ¶ 7.

Defendant manufactures, markets, distributes and sells a wide variety of household consumer products, including Fabuloso Multi-Purpose Cleaner. *Id.*, ¶ 23. On or about February 8, 2023, Colgate recalled more than 4.9 million Fabuloso Multi-Purpose Cleaners due to contamination with *pseudomonas* species bacteria. *Id.*, ¶ 26. The recall notice warned that bacteria from the contaminated products can enter the consumer's body "if inhaled, through the eyes, or through a break in the skin." *Id.*, ¶ 27. The contamination allegedly occurred as a result of a failure to add sufficient preservative during the manufacturing process, which allowed bacterial growth to occur. *Id.*, ¶ 28.

Plaintiff alleges that the Fabuloso Multi-Purpose Cleaner she purchased was contaminated with *pseudomonas* bacteria. *Id.*, ¶¶ 1, 33. The Fabuloso Multi-Purpose Cleaner purchased and used by Plaintiff and her family was marked with Lot No. 2348US78, which is one of the lot numbers listed on the recall notice issued by Defendant. *Id.*, ¶ 12. Plaintiff claims that she became ill as a result of her exposure to *pseudomonas* through the use of the Fabuloso Multi-

Purpose Cleaner. *Id.*, ¶ 34. She now brings defective product claims under both a strict liability and negligence theory, the breach of the implied warranty of fitness for a particular purpose and the breach of the implied warranty of merchantability. *Id.*, ¶¶ 37-57.

## LEGAL STANDARDS

On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the non-moving party. *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025). The court, however, does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (quotation marks omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## DISCUSSION

"Under New York law, it is well-established that the situs of a product liability tort for choice-of-law purposes is the place of the injury, rather than the location where the allegedly defective product was manufactured." *Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 426 (S.D.N.Y. 2013) (citation omitted) (cleaned up).  Accordingly, Illinois law applies.  Under Illinois law, to establish a strict liability claim for a defective product, the Complaint must plead "that 1) an injury resulted from a condition in a product; 2) the condition of the product was unreasonably dangerous; and 3) the condition existed at the time the product left the manufacturer's control." *Lexington Ins. Co. v. Office Depot, Inc.*, 943 F. Supp. 2d 844, 848 (N.D. Ill. 2013).  Defendant argues that Plaintiff has failed to adequately plead a defect in the product resulting in an unreasonably dangerous condition.

Defendant contends that Plaintiff does not "allege any facts that Plaintiff purchased or used one of the limited items subject to the Recall."  ECF No. 31 ("Def. Br.") at 2; *see also id.* ("[Plaintiff] does not identify which Fabuloso products she used").

The Amended Complaint alleges that Plaintiff used Fabuloso Multi-Purpose Cleaner, and that the defective product was marked with Lot Number 2348US78.  Am. Compl., ¶ 12.  Moreover, Plaintiff explicitly pleads that this was one of the lot numbers listed on the recall notice issued by Defendant.  *Id*.  She has therefore adequately plead facts stating a claim for relief that is plausible on its face.

4

## CONCLUSION

Accordingly, Defendant's motion to dismiss the Complaint is **DENIED**. The Clerk of Court is directed to terminate ECF No. 30.

SO ORDERED.

Dated: October 17, 2025  
      New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge